886 F.2d 598
 Russell F. WALKER, Appellant,
v.
PEOPLE EXPRESS AIRLINES, INC., New Jersey Corp., Pat
Scaringi, indiv., and agent for People Express Airlines,
Inc.; Three John Does, indiv. and in capacity as County of
Allegheny Policemen; City of Pittsburgh, Allegheny County;
Ronald Shaulis, indiv. and in capacity as City of Pgh
employee; Chester Howard, indiv. and in capacity Supt. of
Public Safety Bldg. in City of Pgh; Leonard Boehm, indiv.
and in capacity Mgstr in Allegheny County; John Norton,
indiv and in capacity as Public Safety Director of City of
Pgh; Ms. Giordani indiv. and in capacity as employee of
City of Pgh; Mr. Roberts indiv and as employee of the
District Attorney's Office of County of Allegheny, Honorable
Robert E. Dauer, Judge of Court of Common Pleas of Allegheny
County, James N. Gregg, Deputy Warden of Allegheny County
Jail, County of Allegheny, a sub-division of the
Commonwealth of Pennsylvania.
 No. 89-3229.
 United States Court of Appeals,
Third Circuit.
 Sept. 27, 1989.
 
 Russell F. Walker, pro se.
 William Pietragallo, II, Pietragallo, Bosick & Gordon, Pittsburgh, Pa., for People Express Airlines, Inc. and Pat Scaringi.
 Nancy E. Gilberg, Administrative office of Pa. Courts, Philadelphia, Pa., for Mag. Boehm and Hon. R.E. Dauer.
 John G. Shorall, II, City of Pittsburgh, Pittsburgh, Pa., for City of Pittsburgh, Chester Howard, John Norton.
 Nathaniel B. Smith, Law Offices of Sherry & Campbell, Pittsburgh, Pa., for Three John Does, Mr. Roberts, James N. Gregg and County of Allegheny.
 Before BECKER and GREENBERG, Circuit Judges (Motion Panel A).
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 Appellant Russell F. Walker petitions this court for the preparation of transcripts at government expense. Walker, who has already paid the required filing fee in this court, is without full in forma pauperis status as defined in 28 U.S.C. Sec. 1915(d) (1982). His request for public expenditures extends only to the transcription of the trial testimony. Walker's willingness to fund most of the cost of the appeal makes this petition, in effect, a request that he be granted partial in forma pauperis status. We conclude, in this case of first impression, that partial in forma pauperis status may confer authority to grant the preparation of transcripts at public cost. We will, however, deny Walker's petition for transcripts because his financial resources render him ineligible for even partial pauper status.
 
 I.
 
 2
 In September 1985, Walker filed a complaint in the United States District Court for the Western District of Pennsylvania against People Express Airlines, Inc. ("People's Express"); one of its employees, Patrick Scaringi; and various judicial and law enforcement officials in Allegheny County. The suit resulted from an incident between Walker and officials at the now defunct People's Express. As recounted in the complaint, Walker was apparently "bumped" from his reserved flight to Pittsburgh and placed on another Pittsburgh-bound flight. This subsequent placement was made over Walker's protest, as this second flight cost an additional $45.00. While en route to Pittsburgh, Walker was asked by People's Express flight personnel to tender the additional $45.00, and he refused. Consequently, upon his arrival at Pittsburgh International Airport, Walker was arrested, arraigned before a city magistrate, and taken to the Allegheny County Jail. People's Express eventually dropped all charges, but not before Walker had spent two days confined in the county jail.
 
 
 3
 Walker's complaint charged People's Express and its employee Scaringi with violating certain contractual rights. The remaining defendants were alleged to be state actors who, under color of state law, had deprived Walker of various constitutional rights in violation of 42 U.S.C. Sec. 1983. Walker, a citizen of Pennsylvania, asserted jurisdiction against People's Express and Scaringi, both citizens of New Jersey, under 28 U.S.C. Sec. 1332. He further alleged that "jurisdiction relative to all other defendants is founded on the existence of a federal question." The case was tried to a jury, which returned verdicts in favor of defendants People's Express, Scaringi, and James N. Gregg, a deputy warden at the Allegheny County Jail.[1] Walker's motion for new trial was denied. He then filed a petition for partial leave to proceed in forma pauperis on appeal, averring therein that he was unable to pay the costs of preparing the entire trial transcript. The district court denied this petition, and Walker filed a notice of appeal. He now requests this court to direct the preparation of trial transcripts at public expense so that he may appeal certain trial matters. Walker claims that he is unable to pay for the preparation of the trial transcripts and supports his motion with a declaration detailing, to a certain extent, his net worth.
 
 II.
 
 4
 In his motion for transcripts, Walker maintains that although he can afford to pay the $105.00 filing fee, the cost of transcribing the defendants' closing argument, and the cost of printing the briefs, he cannot afford the cost of preparing the entire trial transcript. Without the trial transcript, Walker contends that he will be prevented from appealing certain trial matters. He therefore requests that portions of the transcript be furnished at public expense.
 
 
 5
 Government monies may be allocated to fund the preparation of transcripts under 28 U.S.C. Sec. 753(f). In relevant part, the statute prescribes:
 
 
 6
 Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. Sec. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).
 
 
 7
 By its express terms, section 753(f) allows litigants to receive transcripts at public expense only if they are proceeding in forma pauperis, regardless of whether their case involves criminal, habeas, section 2255, or "other" proceedings. See Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967) (considering a request that portions of the trial transcript be furnished at government cost to an appellant who had already paid the required filing fee, and holding, in reliance on section 753(f), that "[b]efore a free transcript can be furnished, ... the appeal must be permitted in forma pauperis, and the required certification must be made"), cert. denied, 396 U.S. 1030, 90 S.Ct. 585, 24 L.Ed.2d 525, reh'g denied, 397 U.S. 930, 90 S.Ct. 936, 25 L.Ed.2d 112 (1970).[2]
 
 
 8
 We have previously recognized a form of partial in forma pauperis status by approving the procedure of allowing litigants who seek to proceed in forma pauperis to pay a partial filing fee. See Bullock v. Suomela, 710 F.2d 102 (3d Cir.1983). We considered the rationale of this procedure in Jones v. Zimmerman, 752 F.2d 76 (3d Cir.1985), and set forth the following guiding principles:
 
 
 9
 "The purpose of [28 U.S.C.] Sec. 1915 is to provide an entre, not a barrier, to the indigent seeking relief in the federal court." As explained by the Supreme Court, the in forma pauperis statute was "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." It would be contrary to the spirit of that statute "to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution."
 
 
 10
 Id. at 79 (citations omitted).
 
 
 11
 We believe that these principles apply equally to the litigant who demonstrates that his financial resources allow for the prepayment of certain fees and costs, but prevent the funding of a particular expense attendant to perfecting an appeal.[3] We conclude therefore that transcripts may be secured at public cost by litigants who are granted partial in forma pauperis status, provided that a certification that the appeal is not frivolous, but presents a substantial question, is made. See infra note 5. We also conclude, however, that courts must be rigorous in their examination of applications for partial in forma pauperis status to ensure that the treasury is not unduly imposed upon. We therefore turn to the question of whether Walker may qualify for such partial pauper status.
 
 
 12
 Section 1915 provides that, in order for a court to grant in forma pauperis status, the litigant seeking such status must establish that he is unable to pay the costs of his suit. We believe that, in order to qualify for partial in forma pauperis status, a litigant must similarly show that he is unable to pay the particular cost at issue. In determining the availability of partial in forma pauperis, a litigant's ability to pay must be assessed in light of the magnitude of the proposed expenditure.
 
 
 13
 Walker's financial affidavit shows a weekly salary of $900.00. His declaration also asserts that he is personally liable on two notes totalling $50,000.00, owns no real estate, automobile, savings or other proceeds, and currently has only $42.00 in cash. Such financial circumstances would preclude complete in forma pauperis status. However, because Walker requests only partial status, we must balance Walker's financial status against the cost of the trial transcript. According to the docket entries, the trial lasted, at most, a total of four full days. Although the record contains no estimate of the cost of preparation of the transcript, published data suggests that the maximum possible cost would be $3360.[4] Based on this information, we do not consider the cost of transcript preparation in this case to be beyond Walker's means, given his yearly salary of almost $47,000. Compare Prows v. Kastner, 842 F.2d 138 (5th Cir.1988) (requiring a prisoner with a monthly income of $185.00 to pay $120.00 and a prisoner with a monthly income of $95.00 to pay $60.00 before they could proceed with their two lawsuits); Brewster v. North American Van Lines, Inc., 461 F.2d 649 (7th Cir.1972) (requiring a litigant with a yearly salary of $16,500 to post $200.00 for security of costs). Accordingly, Walker's petition for transcripts will be denied.[5]
 
 
 
 [1]
 The other named defendants had been dismissed prior to trial by orders of the district court granting their respective motions for summary judgment and motions to dismiss. We note that the district court properly had subject matter jurisdiction over the remaining defendants because complete diversity continued to be present between the plaintiff and the two defendants sued under 28 U.S.C. Sec. 1332, and there existed an independent basis of federal jurisdiction over Gregg, the only remaining non-diverse defendant. Cf. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806); Romero v. International Terminal Operating Co., 358 U.S. 354, 381, 79 S.Ct. 468, 485, 3 L.Ed.2d 368 (1959); Comment, Powell v. Offshore Navigation, Inc., Jurisdiction Over Maritime Claims and the Right to Trial by Jury, 82 Colum.L.Rev. 785, 797 (1982)
 
 
 [2]
 The court, however, held the in forma pauperis motion in abeyance to allow counsel to address the merits of the appeal. In the D.C. Circuit, in forma pauperis status is not granted unless, in addition to proving financial eligibility, the applicant makes a showing that the appeal presents potential merit. We note that in this Circuit, a determination of eligibility for pauper status under 28 U.S.C. Sec. 1915(a) rests exclusively on the applicant's poverty. See Neitzke v. Williams, --- U.S. ----, 109 S.Ct. 1827, 1830 n. 1, 104 L.Ed.2d 338 (1989) (noting the varying interpretations of Sec. 1915 among the circuit courts but declining to rule on the preferred approach)
 
 
 [3]
 We recognize the fact that in both Bullock and Jones the party seeking transcript preparation was a prisoner under sentence of confinement. See also Bryan v. Johnson, 821 F.2d 455 (7th Cir.1987); In re Williamson, 786 F.2d 1336 (8th Cir.1986); Smith v. Martinez, 706 F.2d 572 (5th Cir.1983); Collier v. Tatum, 722 F.2d 653 (11th Cir.1983). However, inasmuch as neither Sec. 1915(a) nor Sec. 753(f) differentiates between prisoner and non-prisoner cases, we find it of no consequence that Walker litigated his suit from outside prison walls
 
 
 [4]
 The Report to the Congress by the Comptroller General of the United States entitled "Federal Court Reporting System: Outdated and Loosely Supervised" (June 8, 1982) states that, "On the average, one hour of proceedings results in about 40 pages of transcripts." Report at --. The trial in this case took place in January 1989. At that time, the cost for transcript, fixed by the district courts pursuant to a statutorily authorized Judicial Conference Resolution, see, 28 U.S.C. Sec. 753(d)(2), was $3.00 a page. Even assuming that Walker's trial consumed seven hours a day for four days, there would have been 1120 pages of transcript generated at a cost of $3.00 a page, for a total of $3360
 
 
 [5]
 Alternatively, we would have denied Walker's petition on the ground that his "Declaration in Support of Petition" insufficiently details his alleged financial hardship. An in forma pauperis petition asking for leave to forego a sum certain must be accompanied by an affidavit bearing particularized information with regard to the party's financial status. In many cases in which a litigant asks only for partial relief, the information supplied on the standard financial affidavit form ordinarily used in this Circuit by indigent applicants will not be detailed enough to allow the reviewing court to determine financial eligibility accurately
 Of course, even if Walker were financially eligible for partial in forma pauperis status, he would not necessarily be successful on his petition, for "in other proceedings to persons permitted to appeal in forma pauperis," Sec. 753(f) also requires the trial or circuit judge to certify that the appeal is not frivolous. However, in light of our holding that Walker has not demonstrated financial eligibility, we need express no opinion as to the merit of his allegations.