

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2005

# Chatman v. Allegheny

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chatman v. Allegheny" (2005). *2005 Decisions.* Paper 951.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/951

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-273                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2050
_____

EUGENE E. CHATMAN,
Appellant

v.

ALLEGHENY COUNTY, PA;
RSI PROPERTY MANAGEMENT;
STEVEN BASKIN;
KAREN BASKIN;
JAMES BUTLER;
JUDITH BUTLER;
DAVID K. RUDOV

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00277)
District Judge: Honorable Arthur J. Schwab

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
JUNE 16, 2005

Before:   SLOVITER, NYGAARD AND FUENTES, Circuit Judges.

(Filed June 28, 2005 )

_____

OPINION

_____

PER CURIAM.

Appellant Eugene Chatman appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We will dismiss his appeal pursuant to the same statutory provision.

Although difficult to decipher, Chatman's initial pro se complaint, brought pursuant to 42 U.S.C. § 1983, appears to allege that Judith Butler, the manager for the RSI Management property where Chatman resided, called the police, who then removed Chatman from his apartment. Chatman also alleged that several of the defendants assaulted him. The District Court noted that Chatman had previously filed civil complaints against some of the named defendants, and that the instant complaint appears to arise from the same incident. The court found that Chatman's complaint did not provide sufficient information as to the defendants' involvement in the alleged incidents. Thus, the District Court dismissed the complaint, permitting Chatman to amend the complaint if he further described (1) how each defendant caused him an injury; (2) the nature of his claims against each defendant; and (3) the relief requested. Chatman filed an Amended Complaint, again asserting general allegations that he was assaulted, harassed, falsely imprisoned, and kidnapped by the defendants. The District Court found that the Amended Complaint suffered from the same infirmities as the original, and dismissed it with prejudice.

Chatman timely filed this appeal and a motion for leave to proceed in forma pauperis on appeal. The decision whether to grant leave to file an appeal in forma

pauperis depends solely on whether the applicant is economically eligible, not whether the action or appeal is frivolous. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). The Supreme Court has held that a plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Rather, it is sufficient for the affiant to show that he is "unable to pay the costs of his suit." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). Chatman's affidavit of indigency indicates that he receives monthly social security income of about $1000, and has $25 in a checking account. Chatman's monthly expenses total approximately $980. Based upon his limited income and monthly liabilities, Chatman's motion for leave to appeal in forma pauperis is granted.

When an appellant proceeds in forma pauperis, this Court must dismiss the appeal if it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A frivolous appeal has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We will dismiss this appeal as frivolous.

After carefully reviewing the record, we agree with the District Court that Chatman has pled insufficient facts to state a claim that (1) the conduct complained of was committed by a person acting under the color of state law, or (2) that the conduct complained of deprived Chatman of rights, privileges or immunities secured by the law or the Constitution of the United States. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Furthermore, Chatman's complaint did not adequately state the time, place and persons responsible for his alleged injuries. See Rode v. Dellarciprete, 845 F.2d 1195,

1207 (3d Cir. 1988). Given these deficiencies, which Chatman failed to remedy with the filing of his Amended Complaint, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).