

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2008

# Taylor v. Supreme Ct of NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1893

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Taylor v. Supreme Ct of NJ" (2008). *2008 Decisions*. Paper 1732.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1732

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-44                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1893
_____

SAMUEL TAYLOR,

Appellant

v.

SUPREME COURT OF NJ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-05530)
District Judge:  Honorable Mary L. Cooper
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2007

Before:    MCKEE, RENDELL AND SMITH, <u>CIRCUIT JUDGES</u>.

(Opinion filed: January 16, 2008)
_____

OPINION
_____

PER CURIAM

     In the District Court, Samuel Taylor wished to file his complaint of employment

discrimination on the basis of race, color, and national origin against the Supreme Court

of New Jersey without paying the filing and docketing fees. To this end, he filed an application to proceed in forma pauperis ("ifp"). Considering the application, the District Court noted Taylor's unemployment, several dependents, and minimal savings, but questioned what prevented Taylor from obtaining new employment and wondered whether Taylor, who owns a modest home and 11-year-old car, had some other source of support. The District Court denied the application without prejudice to a renewed application with more information.

Taylor filed a substantially similar second application in which he clarified that the six dependents were his children and explained that his wife earned $1045 every two weeks to support their family. He also filed a motion for appointment of counsel, contending that he did not have the funds to hire a lawyer to handle the complex issues that were beyond him in his case. Taylor also surmised that some lawyers he had spoken to were wary of opposing the New Jersey Supreme Court (the sole Defendant and the appearing Appellee). The District Court concluded that Taylor was not entitled to ifp status because he had the means to pay the fees; the District Court also denied the counsel motion. Taylor filed a motion for reconsideration. On February 27, 2007, the District Court denied the motion and ordered the District Court Clerk to refrain from filing Taylor's complaint and to designate Taylor's case closed. Taylor appeals and

moves for appointment of counsel.[1]

Because no substantial issue is presented on appeal, we will summarily reverse the District Court's judgment to the extent the District Court denied Taylor's motion for ifp status and motion for reconsideration. See L.A.R. 27.4; I.O.P. 10.6. In light of the reversal, we also will vacate the judgment to the extent that the District Court denied Taylor's motion for appointment of counsel, declined to file his complaint, and closed his case.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's decisions denying Taylor's ifp motion and his motion for reconsideration for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985); Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).

The District Court should have permitted Taylor to proceed ifp. The decision to grant ifp status turns on whether an applicant is "economically eligible" for such status. Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted). A person need not be "absolutely destitute" to proceed ifp, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); however, an affiant must show the inability to pay the filing and docketing fees, see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

---

[1] We previously granted Taylor's application to proceed ifp on appeal. See Taylor v. Supreme Court of NJ, No. 07-1893 (order entered on Sept. 5, 2007) (also notifying the parties that, after a response period, the case would be submitted for possible summary action).

Taylor has been unemployed since he lost his job with the New Jersey Supreme Court in August 2005. He, his wife, and their six children live on his wife's bi-weekly salary of $1045. They live in a home worth approximately $90,000 and share one car worth approximately $3000. They have minimal savings in their checking account. The family of eight is living below the federal poverty level of $34,570. See 2007 Poverty Guidelines for the 48 Contiguous States and the District of Columbia, Fed. Reg. Doc. 07-268 (Jan. 19, 2007). In light of his modest assets, Taylor is not "absolutely destitute," but he is indigent and made the required showing of an inability to pay the fees. Accordingly, the District Court abused its discretion in denying his ifp motion. Similarly, the District Court abused its discretion in refusing reconsideration of an erroneous decision.

Having found no merit to Taylor's ifp motion, the District Court disallowed the filing of Taylor's complaint, denied Taylor's motion for appointment of counsel, and ordered the case closed. Because Taylor should have been permitted to proceed ifp, we vacate these decisions. On remand, the District Court is directed to reopen the case and allow Taylor to file his complaint. Although we express no opinion on whether Taylor should be appointed counsel, the District Court should consider the counsel motion on its merits. We deny Taylor's counsel motion on appeal because, although his appeal has merit, counsel would not aid our resolution of this case. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

In conclusion, we reverse the District Court's judgment to the extent that the District Court denied Taylor ifp status and reconsideration, and we vacate it to the extent that the District Court denied Taylor's counsel motion, disallowed the filing of his complaint, and ordered the case closed. Without opining on whether Taylor should be appointed counsel in the District Court, we deny his motion for appointment of counsel on appeal. We remand for further proceedings in the District Court consistent with this opinion.