

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# Louis Toscano v. Warren Cty Dept Huma

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Louis Toscano v. Warren Cty Dept Huma" (2009). *2009 Decisions.* Paper 1474.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1474

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-134                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3993

_____

LOUIS PAUL TOSCANO,
                                             Appellant

v.

WARREN COUNTY DEPARTMENT OF HUMAN SERVICES,
DIVISION OF TEMPORARY ASSISTANCE/SOCIAL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-1226)
District Judge:  Honorable Anne E. Thompson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: April 27, 2009)

_____

OPINION

_____

PER CURIAM

        Louis Paul Toscano appeals pro se from an order of the United States District

Court for the District of New Jersey granting defendant's motion for summary judgment.

On February 23, 2007, Toscano filed a complaint in the Superior Court of New Jersey, alleging that the "Warren County Department of Human Services, Division of Temporary Assistance/Social" ("Warren County") had failed to hire him based on discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. On March 14, 2007, Warren County removed the complaint to federal court. On July 7, 2008, Warren County gave notice of its intention to file a motion for summary judgment, and subsequently filed such a motion. Toscano filed an opposition, without any exhibits in support. The District Court granted defendant's motion, and Toscano timely appealed.

On appeal, Toscano seeks to proceed in forma pauperis. We have reviewed his motion and financial affidavit, and we grant his motion. 28 U.S.C. § 1915(a)(1); see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). Nonetheless, we will summarily affirm because this appeal presents no substantial question.

We have jurisdiction under 28 U.S.C. § 1291. We review a District Court's order granting summary judgment de novo. Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party demonstrates the absence of a genuine material factual dispute, to survive summary judgment, the non-moving party must proffer "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A plaintiff opposing a motion for summary judgment may not rest on the mere

2

allegations of his complaint; instead, he or she must proffer "specific facts" by affidavit or other evidence. Id.; see Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007).

Toscano asserts that he applied for a job with the defendant on or about April 5, 2006. When he arrived for a job interview, defendant's employees swarmed him with questions about whether he needed help with the stairs or needed someone to ride the elevator with him. Two weeks later, he received a rejection letter. Toscano asserts that the defendant discriminated against him based on his unspecified disability or the perception of him as disabled.

Defendant moved for summary judgment on several grounds, including Toscano's purported failure to demonstrate a prima facie case of discrimination under the ADA. To make out a prima facie case of discrimination under the ADA, Toscano was required to establish that he "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006). The ADA defines "disability" with respect to an individual as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). The District Court concluded that Toscano had not come forward with evidence from which a jury could determine he is disabled. We agree.

Toscano failed to submit any facts in any acceptable form, such as by affidavit or other evidence.[1] He has not attempted to demonstrate through proper evidence that he has any impairments that limit one or more major life activities, that he has a record of impairment under the ADA or that he is "regarded as" having such an impairment. Although Toscano relies on his receipt of Social Security Disability Insurance (SSDI) benefits as a "record" of his disability, the definition of "disabled" for SSDI eligibility purposes and the definition under the ADA are not identical, and eligibility for SSDI does not necessarily mean that the same person is disabled under the ADA. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 804 (1999); Tice v. Centre Area Transp. Auth., 247 F.3d 506, 513 n.5 (3d Cir. 2001). Toscano's allegation that others perceived him to be disabled because they inquired if he needed assistance in climbing the stairs also does not constitute evidence that he was regarded as disabled under the ADA.

In sum, because Toscano failed to adduce any evidence from which a reasonable juror could find in his favor, he has failed to satisfy his burden at the summary judgment stage. We will affirm the order of the District Court.[2]

---

[1]Nor did he contend that discovery was incomplete or file a motion under Fed. R. Civ. P. 56(f).

[2]Toscano contends that the District Court "lost" several documents on January 31, 2008. As the submission of these documents predated defendant's motion for summary judgment by six months, and Toscano does not specify the nature of these documents or suggest that they contained evidence that would aid his opposition to summary judgment, we cannot conclude that "lost" documents would have affected our disposition of this matter.