BLD-238                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1780
_____

IN RE:  SCOTT J. BINSACK, SR.,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-08-cv-01166)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 14, 2011
Before:  SLOVITER, JORDAN AND GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2011 )
_____

OPINION
_____

PER CURIAM

        Scott J. Binsack, Sr. seeks a writ of mandamus directing the District Court to rule

on several motions.  We will deny the petition.

        Scott Binsack was the owner of a home building company called Mansions and

Estates, International.  State criminal charges were brought against Binsack in

Lackawanna County, Pennsylvania, relating to the operation of his business.  In 2008,

Binsack filed, pro se, a 121-page federal complaint, alleging generally that the criminal

charges against him were part of a conspiracy by governmental and private actors to seize

control of his business and assets. Binsack named 33 defendants, including district attorneys, assistant district attorneys, detectives, police officers, banks, municipalities, a newspaper, and prison employees.

Since the filing of his original complaint, Binsack has filed numerous documents, including multiple motions for leave to file an amended complaint, IFP motions, motions for special service, and motions for recusal. [1] In November 2009, Binsack filed a notice of appeal to this Court. C.A. No. 09-4430. While the appeal was pending, Binsack filed two motions for recusal in November 2009 and March 2010, and a motion for leave of service of complaint with costs to be advanced by the United States. The District Court informed Binsack that it could not act on these motions while his appeal was pending.

After this Court dismissed Binsack's appeal for lack of jurisdiction, the District Court then denied Binsack's motions for recusal. In November 2010, Binsack filed a supplement to proceed IFP that restated his request in his motion for leave of service of complaint.

The District Court entered a scheduling order in February 2011. Defendants requested to withdraw their answer to Binsack's amended complaint, which the District Court granted. Defendants then filed motions to dismiss pursuant to Rules 12(b)(5) and

---

[1] The District Court denied Binsack's original IFP motion as moot because Binsack paid the $350 filing fee. The District Court granted Binsack's original motion for special service by the U.S. Marshals Service. However, the District Court denied Binsack's requests to have the $856 cost of service waived or advanced by the United States.

12(b)(6) of the Federal Rules of Civil Procedure.

On April 1, 2011, Binsack filed the current petition for writ of mandamus requesting that this Court direct the District Court to rule on several motions. When Binsack did not pay the fees or apply to proceed IFP as instructed, his mandamus petition was dismissed. Binsack has now filed the current motion to reopen his mandamus petition, motion for leave to file his motion to reopen out of time, and motion to proceed IFP, and submitted the required documentation.

### A. Motion to Reopen/Motion for Leave to File Out of Time

Binsack requests that this Court allow him to reopen his mandamus petition. Binsack asserts that the untimely filing of his IFP motion was no fault of his own because he did not receive notice of this deficiency until April 21, 2011. In light of these circumstances and because he has submitted proper documentation, Binsack's motion to reopen and motion for leave to file his motion to reopen out of time are granted.

### B. IFP Motion

A Court may allow a litigant to proceed IFP if the litigant seeking such status establishes that he is unable to pay the costs of his suit. 28 U.S.C. § 1915(a)(1); Walker v. People Express Airlines, Inc., 886 F. 2d 598, 601 (3d Cir. 1989). In his affidavit, Binsack stated that he has no monthly income or assets, and as of June 4, 2011, his prison account balance was -$130.04. Accordingly, Binsack's motion to proceed IFP is granted.

3

C.      Mandamus Petition

Binsack requests that this Court direct the District Court to immediately proceed on this matter; and/or rule on his motion for leave of service of complaint with costs to be advanced by the United States, November 2009 and March 2010 motions for recusal, and supplement to proceed IFP.  For the following reasons, we will deny these requests.

Mandamus is a drastic remedy available in only the most extraordinary circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable."  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, the manner in which the district court controls its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

The District Court ruled on Binsack's motions for recusal, denying them by order entered on April 19, 2010.  However, the District Court has yet to rule on Binsack's motion for leave of service of complaint with costs to be advanced by the United States and supplement to proceed IFP.  Nevertheless, we conclude that this does not rise to the level of a due process violation.  The District Court has denied Binsack's requests for service costs to be waived or advanced by the United States three times.  The District Court has also entered a scheduling order and has ruled upon other motions that have

4

recently been filed.  In light of these actions, we cannot conclude that the District Court

has failed to exercise jurisdiction over Binsack's case.

Accordingly, we will deny Binsack's mandamus petition.