**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1918
_____

SHERMAN MACK,
                              Appellant

v.

SERGEANT CURRAN;
CORRECTIONAL OFFICER KEANE;
SERGEANT GODLEWSKI, AKA Geloski;
DAVID DIGUGLIELMO;
UNIT MANAGER LINK;
UNIT MANAGER RADEL;
HARMIS, AKA Harim;
JEFFREY BEARD, PH.D SECRETARY OF CORRECTIONS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-01760)
District Judge:  Honorable Timothy J. Savage
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(filed: January 11, 2012 )
_____

OPINION
_____

PER CURIAM

Sherman Mack, a prisoner at the State Correctional Institution ("SCI") Dallas, appeals pro se from the District Court's order granting defendants' motion for summary judgment. For the reasons that follow, we will affirm the order of the District Court.

I.      Background

The record reflects that in September 2008, while incarcerated at SCI Graterford, Mack filed a grievance alleging that Sergeant Curran, Sergeant Godlewski, and Correctional Officer Seanor destroyed his personal property.[1] On November 24, 2008, Mack and his prison property were transferred to SCI Dallas. On December 16, 2008, Mack inventoried his prison property and determined that some of his legal documents were lost during the prison transfer.

On February 27, 2009, Mack filed a grievance alleging that Curran withheld or destroyed his legal documents in retaliation for the grievance he filed against Curran in September 2008. His grievance was dismissed as untimely in March 2009.[2] Mack then appealed the dismissal of his grievance to Superintendent DiGuglielmo in July 2009. His appeal was also dismissed as untimely.[3] The Chief Grievance Officer dismissed Mack's

---

[1] The grievance states that Correctional Officer Keane had packed Mack's cell before the items went missing in September 2008.

[2] The Commonwealth of Pennsylvania, Department of Correction's Inmate Grievance Review System, DC-ADM 804, requires that an inmate submit a grievance for initial review "within 15 working days after the event upon which the claim is based."

[3] DC-ADM 804 requires that an appeal of the initial review of a grievance be made within 15 working days from the date of the initial review response.

final appeal, finding that his grievance was properly rejected because his grievance or appeal was not submitted timely.[4]

In April 2010, Mack filed in the District Court a civil rights action under 42 U.S.C. § 1983, alleging that defendants deprived him of his access to the courts and deprived him of his personal property by withholding, destroying, or losing his legal documents. Mack claimed that as a result of defendants' actions he was unable to submit a timely petition to the state courts under the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9545(b)(2).

Defendants filed a motion to dismiss, arguing, among other things, that Mack failed to exhaust his administrative remedies. Defendants attached copies of Mack's grievances and appeals, and the dispositions of his grievances and appeals. Because defendants' motion to dismiss presented material outside of the complaint, the District Court converted the motion to dismiss into a motion for summary judgment, and allowed the parties to submit additional evidence. The parties declined to submit additional evidence, and the District Court granted defendants' motion for summary judgment by order entered March 3, 2011.

On April 1, 2011, Mack sent a notice of appeal to this Court, which the Clerk of this Court forwarded to the District Court pursuant to Fed. R. App. P. 4(d). Attached to

---

[4] In his complaint, Mack alleged that in August 2009 he sent a copy of his grievance and related documents to Jeffrey Beard, stating that "I appreciate any and everything you can do for me. All I'm asking for is my property to be returned to me."

Mack's notice of appeal was a "request for leave to continue on appeal in forma pauperis." On June 14, 2011, Mack's appeal was dismissed for failure to timely prosecute because Mack failed to pay the requisite fee as directed. Mack then sent a letter on June 16, 2011, which we construed as a motion to reopen, stating that he attached an in forma pauperis motion to his notice of appeal. This Court informed Mack that he must reapply for forma pauperis status on appeal and file the proper supporting documents. Mack then filed the appropriate documents.

II. <u>Discussion</u>

A. <u>Motion to Reopen and Motion to Proceed In Forma Pauperis</u>

Before we can discuss Mack's appeal, we must address Mack's motion to reopen and motion to proceed in forma pauperis. A motion to set aside a dismissal for failure to prosecute must be filed within ten days of the date of dismissal and must be justified by a showing of good cause. 3d Cir. LAR 107.2. Mack filed a motion to reopen within ten days of the date his appeal was dismissed for failure to prosecute. Mack also demonstrated good cause because he attempted to file a motion to proceed in forma pauperis with this Court, albeit as an exhibit to his notice of appeal. Mack is proceeding pro se and it appears that he did not know how to file a proper motion to proceed in forma pauperis with this Court. Once we informed him of the proper procedure, Mack submitted proper documentation. Therefore, Mack's motion to reopen is granted.

4

A litigant may proceed in forma pauperis if he establishes that he is unable to pay the filing fees of his suit on appeal. 28 U.S.C. § 1915(a)(1); Walker v. People Express Airlines, Inc., 886 F. 2d 598, 601 (3d Cir. 1989). A litigant need not be "absolutely destitute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Mack has approximately $380 to his credit in his prison account, and Mack stated in his affidavit that he has a total monthly income of $30 and monthly expenses of $25. Because Mack has demonstrated that he is unable to pay the filing fee for this appeal, his motion to proceed in forma pauperis is granted.

C.    Appeal

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision granting summary judgment under a de novo standard of review. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). Summary judgment is granted when viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a); Beers-Capitol v. Whetzel, 256 F.3d 120, 130 n.6 (3d Cir. 2001). We may affirm the District Court for any reason supported by the record. United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

The District Court properly granted summary judgment to the defendants, other than Curran, for lack of personal involvement. A defendant in a civil rights action must have personal involvement in the alleged wrongs, which may be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode v.

5

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Mack did not

allege or present evidence of how the defendants, other than Curran, deprived him of his

access to the courts or deprived him of his personal property by withholding, destroying,

or losing his legal documents.[5]  To the extent that Mack argued that DiGuglielmo or

Beard had responsibility to take action based upon their review of his grievance, this does

not amount to personal involvement.  See id. at 1207-08.

The District Court also properly granted summary judgment to Curran for failure

to exhaust administrative remedies.  Under the Prison Litigation Reform Act ("PLRA"), a

prisoner must properly exhaust all available administrative remedies prior to filing suit.

42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion

demands compliance with an agency's deadlines and other critical procedural rules."

Woodford, 548 U.S. at 90.  Consequently, an untimely administrative grievance does not

satisfy the mandatory exhaustion requirement of the PLRA.  Id. at 83-84.

Mack did not deny that his initial grievance was untimely.  In his initial grievance,

Mack stated that "the reason [i]t[] has tak[en] so long to write after I got out of the

[RHU][6] on [] 12-16-08, I went back to the [RHU] on [] 12-20-08 and got out on 2-17-09,

so this [grievance] is at my earliest convenience."  We have recognized certain

---

[5] Based on the record, Godlewski and Keane were not involved in the alleged withholding or destruction of Mack's legal documents.  They were only involved in the alleged destruction of Mack's personal property, including combs and candy, in September 2008.

[6] RHU is an acronym for Restrictive Housing Unit.

circumstances prevent the timely pursuit of the prison grievances process, thereby making the administrative remedies "unavailable."  See, e.g., Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (administrative remedies unavailable where prison officials gave inmate erroneous instructions about grievance process); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (administrative remedies unavailable where inmate was put on grievance restriction).  Mack's placement in the RHU, however, is not one of those circumstances.  Mack did not argue or explain why administrative remedies were unavailable to him while he was in the RHU.  Therefore, Mack's failure to file a timely grievance effectively barred him from bringing his claim against Curran in federal court. See Woodford, 548 U.S. at 83-84.

For the foregoing reasons, we grant Mack's motion to reopen and motion to proceed in forma pauperis, and we will affirm the District Court's judgment.[7]

---

[7] As a prisoner, Mack is required to pay the filing fee for this appeal in installments.  See 28 U.S.C. § 1915(b).  The Clerk is directed to issue a separate order noting that Mack's motion to proceed in forma pauperis has been granted and direct the assessment and collection of fees in accordance with the statute.