DLD-160                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2947
_____

SEAN W. JOHNSON,

Appellant

v.

THE CITY OF PHILADELPHIA;
COURT OF COMMON PLEAS, ET AL.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-02778)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2015

Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: April 14, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Sean Johnson appeals the District Court's order denying his motion seeking leave to proceed with his civil action in forma pauperis ("IFP"). Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

Johnson filed the underlying complaint in the United States District Court for the Eastern District of Pennsylvania in May 2014. Johnson sought leave to proceed with his civil action IFP. However, the District Court concluded that Johnson had sufficient assets to pay the $400 filing and administrative fees. Accordingly, it denied his IFP motion as well as his request for reconsideration. The Clerk was thus instructed to mark the case closed, and Johnson was advised that he could reinstate the matter by remitting the applicable fees within thirty days. Johnson filed this timely appeal instead.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. See Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir. 1976). We review the denial of a motion to proceed IFP and the denial of a motion for reconsideration for abuse of discretion. See id. at 19 (IFP motion); Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (motion for reconsideration). "In this circuit, leave to proceed [IFP] is based on a showing of indigence." Deutsch v. United States, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). When exercising its discretion to approve or deny a motion to proceed IFP, a court "must be rigorous . . . to ensure that the treasury is not unduly imposed upon." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). At the same time, however, the court must remember that the purpose of the IFP statute "is to provide an entre, not a

2

barrier, to the indigent seeking relief in the federal court." <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3d Cir. 1975).

In the IFP application that Johnson submitted to the District Court, he indicated that he had $500 cash on hand and another $7375 in a bank account, and no extraordinary expenses. Given that information, we conclude that the District Court did not abuse its discretion when it denied his IFP motion. Likewise, we can find no abuse of discretion on the part of the District Court in denying Johnson's reconsideration motion given his failure to present any new information regarding his financial situation.

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6. Our ruling is without prejudice to Johnson's right to refile his complaint with the appropriate filing fee or resubmit it with another motion for leave to proceed IFP, as his circumstances may warrant.[1]

---

[1] We note that we granted Johnson leave to proceed IFP for purposes of this appeal. Our action is not inconsistent with the denial of his IFP motion at the District Court level, however, because the IFP motion submitted to this Court indicated a significant change in his financial situation since he first sought pauper status in the District Court.