NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2830
_____

JERRY A. HURST,
                                    Appellant

v.

COLIN M. SHALK, in their individual and official capacities; MAXWELL WIEGARD,
in their individual and official capacities; MARTY HARBIN, in their individual and
official capacities; GUY HARBERT, in their individual and official capacities;
NICHOLAS E. SKILES, in their individual and official capacities; STATE FARM
MUTUAL AUTOMOBILE INSURANCE CO; DOES 1-10

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil Action No. 1-15-cv-00360)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2016
Before:  FUENTES, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: August 2, 2016 )
_____

OPINION*
_____

PER CURIAM

_____

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jerry Hurst, proceeding pro se, appeals an order of the United States District Court for the District of Delaware denying his motion pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. For the reasons that follow, we will vacate the District Court's order and remand for further proceedings.

Hurst filed a complaint against State Farm Mutual Automobile Insurance Company and other parties claiming violations of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, and other laws. Hurst filed an application to proceed in forma pauperis, or without prepayment of the District Court's fees for filing a civil action. Hurst, who is 73 years old, submitted an affidavit stating that he had received social security income in the amount of $1,410 per month over the last 12 months, and that he expected to receive $1,420 per month. Hurst does not appear to be married. He reported that he had $30 in cash, $57.79 in a checking account, and a 1990 BMW automobile, which he valued at $600 and stated was in need of repair. Hurst reported that his total monthly expenses were $1,760 per month, including $620 for rent and utilities, $360 for food, $160 for medical and dental expenses, $170 for transportation, and $250 for credit card payments. He stated that the costs of his necessities, including surgery and dental care, exceed his income.

The District Court denied Hurst's application based on his reported annual income of $16,920. The District Court ordered Hurst to pay the $400 filing fee within 30 days or his case would be dismissed. Hurst appealed and we granted his motion to proceed in forma pauperis on appeal.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Sinwell v. Shapp, 536 F.2d 15, 16 (3d Cir. 1976). We review the District Court's decision for abuse of discretion. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

A decision whether to grant a motion to proceed in forma pauperis depends solely on whether a litigant is economically eligible for such status. Sinwell, 536 F.2d at 19. The purpose of the in forma pauperis statute "is to provide an entre, not a barrier, to the indigent seeking relief in the federal court." Souder v. McGuire, 516 F.2d 820, 823 (3d Cir. 1975). A person need not be absolutely destitute to proceed in forma pauperis. Adkins v. E.I. DuPont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948). However, a litigant "must establish that he is unable to pay the costs of his suit." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

Hurst argues on appeal that the District Court erred in considering his income without his expenses, including expenses for necessary medical and dental care. He asserts that his income is not sufficient to pay for the necessities of life and the court's filing fees. Based on Hurst's reported low income, lack of assets, and expenses, we conclude that he established that he is unable to pay the costs of his suit. See Adkins, 335 U.S. at 339 (an affidavit stating that one cannot because of his poverty pay for the court's costs and the necessities of life is sufficient to be afforded in forma pauperis status).[1]

---

[1]Hurst reported in District Court that his salary before he retired in 1998 was $6,771 per month, but that was 17 years before he filed his complaint. There is no indication that he retained any of that income.

Accordingly, we will vacate the District Court's order denying Hurst's motion to proceed in forma pauperis and remand for further proceedings.[2]

---

[2]To the extent Hurst asserts in his brief that the District Judge should have recused himself, he has not shown that recusal was required.