DLD-366                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2652
_____

MATTHEW JONES,
                            Appellant

v.

DELAWARE STATE POLICE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00679)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 28, 2017

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed:  October 26, 2017)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Matthew Jones filed a complaint in the United States District Court for the District of Columbia.  That Court transferred his complaint and application to proceed in forma pauperis ("IFP") to the United States District Court for the District of Delaware.  The transferee court entered an order on June 7, 2017, denying Jones's IFP motion based on Jones's stated annual income.  The Court gave Jones 30 days to pay the $400 fee.  When Jones did not pay the fee, the Court dismissed the complaint and Jones timely appealed.

This Court's review of an IFP denial is for abuse of discretion.  See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).  A litigant need not be "absolutely destitute" or contribute his or her "last dollar" in order to qualify for IFP status.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).  An affiant must show the inability to pay the fees, see Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989), but it suffices when an affiant states the inability to pay court costs and also provide himself with life's necessities; unchallenged affidavits ordinarily should be accepted.  See Adkins, 335 U.S at 339.

In the District Court, Jones's IFP application reflected a monthly surplus of over $700 after expenses.  The District Court thus properly determined that paying the filing fee would not deprive Jones of any of life's necessities.  Given Jones's figures, the District Court did not abuse its discretion in determining that he had the means to pay the $400 filing fee.[1]  We thus will affirm the District Court's judgment.

---

[1] Notably, we granted Jones's application to proceed IFP on appeal, but the affidavit Jones filed here reflected a much smaller surplus in funds each month.  But we reiterate that, given the information it had, the District Court did not abuse its discretion in denying Jones the privilege of proceeding IFP.