**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1547
_____

CARLENE HENRY; EVERSON FRANCIS

v.

UBER; DOUGLAS GREGG; PROGRESSIVE INSURANCE; GEICO INSURANCE CO;
DRIVE NEW JERSEY; WILLIAM T. WARREN; DOES 1 TO 100

EVERSON FRANCIS,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:23-cv-22053)
District Judge: Honorable Esther Salas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2025
Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: August 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Everson Francis appeals from the District Court's denial of his application to proceed in forma pauperis ("IFP"). For the reasons that follow, we will affirm the District Court's order.

Francis filed an IFP application with the initiation of his federal complaint, which he filed with a co-plaintiff. The District Court denied his motion, noting several discrepancies: (1) Francis listed regular expenses for the operation of a business, profession, or farm as $35,000 per month, without providing the required statement to explain those expenses; (2) Francis's total monthly expenses added up to $74,030; and (3) Francis wrote that he expected to spend $300,000 on attorneys' fees for this litigation. The District Court explained that these figures made it difficult to understand why Francis could not afford to pay the filing and docketing fees, and gave him an opportunity to clarify his financial status.

Francis filed an amended IFP application, which the District Court denied. The District Court explained that Francis did not clarify his $35,000 monthly business, profession, or farm expenses, which he included again in his second application. The District Court noted that Francis's overall monthly expenses were even higher in his second application, which did not align with the figures he provided for his monthly income and savings. Finding Francis's filings to be unreliable, the District Court ordered Francis to either pay the filing fee to proceed or risk closure of the case. Francis timely appealed.[1]

_____

[1] Francis's co-plaintiff, Carlene Henry, did not file an amended IFP application in the District Court. Henry also did not sign or jointly file Francis's notice of appeal, cf. Fed

We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the District Court's decision to deny IFP and to require Francis to pay the full filing fee to proceed. See Sinwell v. Shapp, 536 F.2d 15, 16, 18 (3d Cir. 1976).

We conclude that the District Court acted within its discretion to deny Francis's application given the discrepancies in his applications. On appeal, Francis argues that he is financially eligible to proceed IFP, and that the District Court should not have focused on his listed expenses as they represented bills that he owed but could not pay.

However, Francis needed to show that he was financially eligible for IFP status, such that the District Court could determine whether he was able to pay the fees. See Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989) (explaining that a litigant seeking to proceed IFP "must establish that he is unable to pay the costs of his suit"). The District Court appropriately identified several sections of Francis's initial IFP application that listed very high monthly expenses and asked Francis to clarify those expenses. See id. ("[C]ourts must be rigorous in their examination of [IFP] applications."). However, Francis did not do so; instead, he included even higher monthly expenses without explanation in his second IFP application. Under these circumstances, where Francis had two opportunities to address his eligibility for IFP status in response to the District Court's legitimate concerns, we cannot conclude that the

R. App. P. 3(b)(1), and she has not addressed the issue of fees on appeal. Francis cannot represent her as a non-lawyer pro se litigant. See Murray ex rel. Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018); Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991). Accordingly, Henry is not a party to this appeal, and we review only the District Court's decision as it pertains to Francis.

District Court abused its discretion in denying his applications.

Accordingly, we will affirm the order of the District Court.