**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2238

_____

WILLIAM WILLIAMS,
                                        Appellant

v.

PHILADELPHIA CHILD SUPPORT FAMILY COURT DIVISION; DEL. DCSS
CHILD SUPPORT FAMILY COURT DIVISION; THE CITY OF PHILADELPHIA,
STATE OF PENNSYLVANIA; EQUIFAX CREDIT AGENCY; TRANSUNION
CREDIT REPORTING AGENCY; EXPERIAN CREDIT REPORTING AGENCY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-06020)
District Judge: Honorable Karen S. Marston

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 6, 2026

Before: BIBAS, CHUNG, and BOVE, <u>Circuit Judges</u>

(Opinion filed: January 6, 2026)

_____

―――――――

OPINION[*]

―――――――

PER CURIAM

William Williams, proceeding pro se and in forma pauperis (IFP), appeals the District Court's decision to dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will affirm the judgment of the District Court.

I.

Williams filed a complaint in the District Court against child support courts in Philadelphia and the State of Delaware, as well as the City of Philadelphia and three major credit reporting agencies, alleging violations of the Constitution and the Fair Credit Reporting Act (FCRA). Williams seems to have alleged that, between 2009 and 2013, family courts in Philadelphia County and Delaware imposed child support obligations upon him, which led to an array of negative consequences including wage garnishment and incarceration when he failed to comply with those obligations. He contends that any attempt to collect child support from him is illegitimate, because he never consented or entered into a contract to provide child support. He also objects to the credit reporting agencies' including information about his noncompliance with child support orders in his credit reports.

―――――――――――

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

The Court rejected Williams's first motion to proceed IFP, noting that his application did not contain enough information for the Court to assess his financial status. When he didn't rectify his IFP filing, Williams's case was dismissed without prejudice for failure to prosecute, but when he moved for reconsideration, the Court allowed him to resubmit a more detailed IFP motion. When Williams submitted a second IFP motion, the Court granted his motion and then dismissed the case with prejudice pursuant to § 1915(e), holding that amendment of his complaint would be futile. Williams's timely notice of appeal followed. Williams then filed several more motions in the District Court, which the Court dismissed for lack of jurisdiction.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Williams's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Dooley v. Wetzel*, 957 F.3d 366, 373–74 (3d Cir. 2020). A dismissal for failure to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir. 2009).

## III.

As an initial matter, appellant argues in his brief that he was entitled to a jury trial, and he implies that the District Court handled his IFP application improperly. Neither claim has merit. The District Court did not violate Williams's right to a jury trial under the Seventh Amendment by dismissing his complaint. *See Haase v. Countrywide Home*

3

*Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014); *see also* 28 U.S.C. § 1915(e)(2) (authorizing such dismissals "at any time"). Nor did the District Court err in the way it handled Williams's IFP motions. The Court rigorously assessed Williams's financial status, *see Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989), and upon receiving adequate information, granted his IFP motion.

On the merits, we agree with the District Court that Williams failed to state a claim upon which relief can be granted. The District Court properly dismissed Williams's complaint against the family courts of Philadelphia County and Delaware, because each are a part of their respective state court systems, and therefore both share their state's Eleventh Amendment immunity. *See MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001) (holding that Eleventh Amendment immunity extends to state agencies and departments). Williams has not shown that that immunity has been abrogated or waived. *See generally Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("Congress did not abrogate Eleventh Amendment immunity via § 1983.").

Williams's claims against the City of Philadelphia were also properly dismissed. Although municipalities are not immune from suit, *see Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978), Williams has failed to state a claim against Philadelphia, because it is not responsible for the conduct challenged in his complaint. Actions taken by the family court located in Philadelphia are under the purview of the Commonwealth of Pennsylvania, not the City of Philadelphia. *See Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 235 n.1, 241 (3d Cir. 2005). Therefore, Williams failed to state a claim against the City.

The District Court also properly dismissed Williams's claims against the credit reporting agencies Equifax, Transunion, and Experian. Williams seemingly claims that his rights under the FCRA were violated because the agencies included in his credit reports information about his noncompliance with his child support obligations. Williams's claim fails because the FCRA specifically requires credit reporting agencies to include information about unpaid child support in their reports. *See* 15 U.S.C. § 1681s-1; *see also Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 535 (6th Cir. 2024) ("Therefore, [credit reporting agencies] must include in their reports all information they receive from a government agency on a consumer's failure to pay support, regardless of other FCRA requirements.").

Finally, the District Court did not err in denying Williams leave to amend his complaint, because, based on the foregoing reasoning, any amendment would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). We will therefore affirm the judgment of the District Court.