**DLD-277**                                                        **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 10-1912

_____

DIACONU EUFROSINA,

Appellant

v.

SECRETARY OF DEFENSE; ADMINISTRATOR, EPA; U.S. DEPARTMENT OF
DEFENSE; U.S. ENVIRONMENTAL PROTECTION AGENCY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 08-cv-03633)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 26, 2010

Before:  FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed August 30, 2010)

_____

OPINION

_____

PER CURIAM

    Eufrosina Diaconu, proceeding pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania dismissing her complaint for lack

of subject matter jurisdiction and an order denying her requests for reconsideration. We will affirm the judgment of the District Court.[1]

Diaconu, a former federal employee, filed a purported class action complaint against the United States Department of Defense and other federal governmental parties (the "Government") alleging that she was exposed to carcinogens from 1990 to 1995 while working for the Defense Personnel Support Center, part of the Department of Defense's Defense Logistics Agency in Philadelphia, Pennsylvania. Diaconu averred that as a result of this exposure she was diagnosed with cancer in 2006.

Diaconu filed her complaint in the United States District Court for the District of Columbia. The Government moved to dismiss the action due to Diaconu's failure to exhaust her administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). The Government also asserted that venue in the District of Columbia was improper.[2] The District Court construed the complaint as raising a claim under the FTCA, found venue improper, and transferred the action to the United States District Court for the Eastern District of Pennsylvania.

After a hearing, the District Court ordered Diaconu to re-file her administrative

_____

[1]Although Appellant identified herself in the caption of her complaint as "Diaconu Eufrosina," it appears that Appellant's first name is Eufrosina and her surname is Diaconu. We will refer to her by her surname.

[2]The Government also noted in its motion that Diaconu's sole recourse would be under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101-8193 ("FECA"), but it did not move for dismissal on this basis.

claim, which she had filed in the wrong location, and stayed the proceedings pending its adjudication. The Tort Claims Division of the Department of the Army subsequently denied Diaconu's claim, concluding that FECA provides the exclusive remedy for her alleged injuries. The District Court lifted the stay of the federal action and the Government moved to dismiss the complaint for lack of subject matter jurisdiction under FECA. The District Court granted the Government's motion and denied Diaconu's subsequent requests for reconsideration. The District Court's dismissal was without prejudice to Diaconu seeking FECA relief by filing an administrative claim with the Department of Labor. This appeal followed.

As recognized by the District Court, FECA provides federal employees with a comprehensive remedy for work-related personal injuries. Heilman v. United States, 731 F.2d 1104, 1109 (3d Cir. 1984). Compensation is determined using exhaustive statutory guidelines and is under the administration of the Secretary of Labor, who is the ultimate arbiter of compensation awards. Id.

Subject to an exception not applicable here, FECA provides the exclusive remedy for federal employees' work-related injuries. 5 U.S.C. § 8116(c); Heilman, 731 F.2d at 1109; DiPippa v. United States, 687 F.2d 14, 16 (3d Cir. 1982). Federal courts lack subject matter jurisdiction to entertain an action raising a claim covered by FECA. Heilman, 731 F.2d at 1109. Where a "substantial question" of FECA coverage exists, a district court will abstain from further action until the Secretary of Labor has made a

determination regarding FECA coverage.  Id. at 1110.  A "substantial question" of FECA coverages exists unless it is certain that the Secretary of Labor would find no coverage. Id.  It is unnecessary for a district court to stay an action and retain jurisdiction where the complaint clearly alleges a work-related injury.  Id.

A "substantial question" of FECA coverage exists here.  Diaconu avers that she developed cancer as a result of her exposure to carcinogens at work.  FECA defines "injury" to include diseases proximately caused by employment.  5 U.S.C. § 8101(5). Because Diaconu's complaint clearly alleges a work-related injury, the District Court correctly concluded that it lacked subject matter jurisdiction and dismissed Diaconu's action.  See Heilman, 731 F.2d at 1111 (affirming dismissal of action where pleadings alleged injuries were suffered as a result of exposure to radiation while in the performance of duties).

Accordingly, because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.

4