GLD-133                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3934
_____

EUFROSINA DIACONU,
                                        Appellant

v.

SKYLINE TRANSPORTATION; JAMES E. COLLINS;
WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER LLP;
DEFENSE LOGISTICS AGENCY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 12-cv-00663)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: February 27, 2013)
_____

OPINION
_____

PER CURIAM

        Eufrosina Diaconu appeals from a number of orders entered by the United States

District Court for the Eastern District of Pennsylvania.  We grant her application to

proceed in forma pauperis.[1]  We will summarily affirm the District Court's orders, as the

appeal presents no substantial question.  L.A.R. 27.4; I.O.P. 10.6.

As the procedural history of this case and the details of Diaconu's claims are well

known to the parties, we need not discuss them at length.  Diaconu filed a complaint in

the Court of Common Pleas of Philadelphia County.  One of the defendants, Defense

Logistics Agency, removed the case to federal court pursuant to 28 U.S.C. § 2679.  The

District Court granted defendant Skyline Transportation's motion to dismiss, granted

defendant Wilson, Elser, Moskowitz, Edelman & Dicker's ("Wilson Elser") motion to

dismiss (and denied their motion for a more definite statement), and granted defendant

Defense Logistics Agency's ("DLA") Motion to Dismiss All Claims Against the Federal

Defendant After Substituting the United States for Its Agency.  The District Court also

denied all remaining motions as moot.

We have jurisdiction under 28 U.S.C. § 1291, and our review of an order granting

a motion to dismiss is plenary.  Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d

Cir. 2008).  The District Court's September 18, 2012 memorandum provides a

comprehensive analysis, which we will supplement only as follows.

First, the District Court, pursuant to Eastern District of Pennsylvania Local Rule of

Civil Procedure 7.1(c), properly granted defendant Skyline Transportation's motion to

---

[1] The District Court denied Diaconu's application to proceed in forma pauperis on
appeal as she had not provided the appropriate documentation.  She has now provided us
with such documentation, and has demonstrated the inability to pay the fees on appeal.
See Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

dismiss as unopposed. See DiPaolo v. Moran, 407 F.3d 140, 145 (3d Cir. 2005) (where plaintiff failed to answer Rule 11 sanctions motion, district court and our court were authorized to consider plaintiff's arguments waived). However, we also agree with the District Court's alternative holding, that Diaconu's state-law claims against Skyline Transportation are time-barred. Diaconu's complaint alleged injuries stemming from a motor vehicle accident in 2005. As the District Court noted, even if one construed her complaint as alleging that she did not discover[2] some of her injuries until the date of her surgery in March 2008, her complaint, filed originally in January 2012, was not filed within two years of that later date. See 42 Pa. Cons. Stat. § 5524(2) (setting forth two-year period of limitations for personal injury claims); 42 Pa. Cons. Stat. § 5521(b) (for claim accruing outside of Pennsylvania, Pennsylvania's statute of limitations applies if it is shorter than the statute of limitations of the place where the claim accrued).[3]

Second, the District Court properly granted Wilson Elser's motion to dismiss. Diaconu's allegations against Wilson Elser border on the frivolous. The firm represented Skyline Transportation and the truck driver in a lawsuit that Diaconu brought against those defendants in New York. To the extent the "Malpractice" caption on Diaconu's

---

[2] In Pennsylvania, "where the complaining party is reasonably unaware that his or her injury has been caused by another party's conduct, the discovery rule suspends, or tolls, the running of the statute of limitations." Gleason v. Borough of Moosic, 15 A.3d 479, 484 (Pa. 2011).

[3] The accident here occurred in New York. Even if New York's three-year period of limitations applied, see N.Y. C.P.L.R. 214 (McKinney 2013), the claims would be time-barred.

complaint here referred to Wilson Elser, the District Court properly noted that a legal malpractice claim is only available where there is an attorney-client relationship. <u>See</u>, <u>e.g.</u>, <u>Post v. St. Paul Travelers Ins. Co.</u>, 691 F.3d 500, 521 (3d Cir. 2012) (under Pennsylvania law, legal malpractice claim requires allegation of attorney-client relationship). As for Diaconu's fraud claims against the firm, the District Court properly noted that they were for the most part vague or conclusory.[4] The District Court generously construed Diaconu's complaint along with her response to Wilson Elser's motion to dismiss, and found that she had provided enough specific details so that it could rule on one claim of fraud: she claimed that Wilson Elser forged the signature of Judge Smith on a document dated June 15, 2010. The Court concluded that Diaconu failed to plead any factual basis for her belief that the signature was forged, and, in any event, she failed to plead facts that would indicate that she was injured by the alleged forgery.

Third, the District Court properly granted Defense Logistics Agency's Motion to Dismiss. As the Court noted, two previous court decisions found that Diaconu's claims against the Government for injuries she allegedly received from working for Defense Logistics Agency were barred. <u>Eufrosina Diaconu v. Def. Logistics Agency</u>, No. 98-6533, 1999 WL 238954 (E.D. Pa. April 2, 1999) (work injury claims against DLA time-barred), <u>aff'd</u>, 33 F. App'x 647 (3d Cir. April 16, 2002); <u>Eufrosina Diaconu v. Gates</u>,

---

[4] For example, she alleged the firm engaged in "tricks-of-the-trade maneuvers," "manipulations, and "lying."

4

No. 08-3633, 2009 WL 4122728, at *1 (E.D. Pa. Nov. 24, 2009) (lawsuit raising claims based on recently-discovered cancer barred as covered by Federal Employees' Compensation Act), aff'd, 10-1912, 2010 WL 3394270, at *2-*3 (3d Cir. Aug. 30, 2010). We also agree that to the extent Diaconu was raising an unadjudicated claim that certain spinal problems caused by exposure to toxic chemicals while working at the DLA were only discovered[5] because of the 2005 motor vehicle accident, those claims were barred by the two-year statute of limitations under the Federal Tort Claims Act. 28 U.S.C. § 2401(b).[6]

For the foregoing reasons, having granted Diaconu's motion for leave to proceed in forma pauperis, we will affirm the District Court's judgment and orders. Diaconu's motion for appointment of counsel is denied.

---

[5] A claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, does not accrue until an objectively reasonable person using due diligence should have known of both the fact of the injury and its cause. Hughes v. United States, 263 F.3d 272, 275 (3d Cir. 2001).

[6] Because the District Court properly dismissed all claims against all defendants, the Court also was correct to deny all outstanding motions as moot.