CLD-343                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3429
_____

JAMES D. SCHNELLER;
FRIENDS OF JIM SCHNELLER FOR CONGRESS, C/O James D. Schneller,
Appellants

v.

PHILADELPHIA NEWSPAPERS INC, Its Owners and Employees;
WILLIAM BENDER; DELAWARE COUNTY REPUBLICAN PARTY;
PAT MEEHAN FOR CONGRESS; PATRICIA A. WECHSLER;
ERNESTO S. ANGELOS; DONALD ADAMS; TERI ADAMS;
DELAWARE COUNTY PATRIOTS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:11-cv-05071)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2014

Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Filed: August 25, 2014)

_____

OPINION
_____

PER CURIAM

James D. Schneller was an independent candidate for Congress in Pennsylvania's Seventh District in the 2010 general election. "Friends of Jim Schneller" was his registered candidate committee. Schneller, for himself and his committee, filed a complaint pro se[1] against Philadelphia Newspapers, Inc. ("PNI"),[2] a PNI reporter, the Delaware County Republican Party, Pat Meehan for Congress, leaders of the Independence Hall Tea Party, the Delaware County Patriots, and two other defendants involved in a challenge to Schneller's nomination papers. Schneller alleged that the defendants defamed, libeled, and otherwise injured him by, inter alia, charging that Democrats helped him get on the ballot, that he was a "spoiler" to split the Republican vote, and that he engaged in improper conduct, including fraud and a violation of the Federal Election Campaign Act.

The defendants filed motions to dismiss the action. The District Court dismissed all claims by Friends of Jim Schneller because Schneller, a non-lawyer, could not represent his committee in federal court also. The District Court held that Schneller had not set forth facts sufficient to state a claim under 42 U.S.C. § 1983 or related statutes, noting, among other things, that no allegations supported his assertions that the defendants were acting under color of state law or were state actors. Under a similar

---

[1] He sought to proceed in forma pauperis, but the District Court denied the motion.

[2] We use "PNI" for convenience, but we are aware that PNI no longer exists, that its successor-in-interest filed for bankruptcy protection, and that a subsequent purchaser of the company's assets at auction is purported to be protected from the assumption of liability for acts or omissions before the asset purchase (on October 8, 2010) by an asset purchase agreement and the terms of the bankruptcy plan, see In re Phila. Newspapers, LLC, 450 B.R. 99, 101 (E.D. Pa. Bankr. 2011).

rationale, the District Court concluded that Schneller had not stated a claim under <u>Bivens</u>. The District Court also held that Schneller had not sufficiently set forth facts to support claims under 42 U.S.C. § 1985 or § 1986. The District Court declined to exercise supplemental jurisdiction over Schneller's state law claims. During the course of the analysis, the District Court concluded that amendment would be futile. The District Court entered its order on August 28, 2012.[3]

Schneller filed a motion for reconsideration and a motion to proceed in forma pauperis ("ifp") on appeal on behalf of himself and Friends of Jim Schneller. On June 18, 2013, the District Court denied the motion for reconsideration, and, on July 2, 2013, the District Court denied the motion to proceed ifp on appeal. Schneller filed two more motions to proceed ifp on appeal, the second of which was docketed as a notice of appeal.[4]

In this Court, with the opening of his appeal, Schneller filed a motion to proceed ifp. Also, after the District Court ruled on the motion for reconsideration that was the basis for the stay, Schneller submitted a "motion for record transmittal and a briefing schedule pursuant to trial action's on pending motions" in which he recounted some of the procedural history of his case, noting that there were no longer any pending motions

---

[3] Previously, the District Court had denied a motion to recuse filed by Schneller.

[4] Schneller also filed a motion for reconsideration of the July 2, 2013 order. We stayed this appeal and directed the parties to file status reports pending its resolution. Ultimately, the District Court denied it.

in the District Court and requesting the transmittal of the record and the issuance of a briefing schedule.

Subsequently, the Clerk issued an order to notify Schneller that an attorney must enter an appearance for Friends of Jim Schneller or the appeal would be dismissed as to that entity. In response, Jim Schneller, on behalf of himself and Friends of Jim Schneller, seeks reconsideration of the Clerk's order. He contends that Friends of Jim Schneller should be permitted to appear without an attorney because its agent, Schneller himself, is a party to the action. He also argues that Friends of Jim Schneller is like a sole proprietorship that should be permitted to proceed pro se. Schneller also maintains that the Clerk's ruling violated Local Rule 27.6 because the ruling goes beyond the ministerial. Schneller also has filed argument in support of his appeal.

We first consider the preliminaries. We grant Schneller's motion to proceed ifp. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). We deny Schneller's motion for reconsideration of the Clerk's order. The Clerk's order merely notified him that an attorney must enter an appearance for Friends of Jim Schneller or the appeal would be dismissed as to that entity. The notice and warning did not breach the limits of ministerial orders or otherwise violate the Local Rules. Also, at this point, we dismiss the appeal as to the Friends of Jim Schneller because Schneller, a non-lawyer, cannot represent that entity. Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (per curiam).

4

We note that Schneller's motion for the transmittal of the record and the issuance of a briefing schedule is akin to a status report, which the parties had been ordered to provide. He recounted the then-recent procedural history and noted the District Court's order denying reconsideration. However, it is a motion insomuch as he also requested that the record be transmitted from the District Court and a briefing schedule issue. The record is available electronically, so there is no need for a transmittal of the record. We deny that aspect of his motion as moot, and we also deny his request for the issuance of briefing schedule.

At this point, we also must dismiss as moot Schneller's appeal from the order denying him ifp status on appeal. Because we have granted Schneller's motion to proceed ifp on appeal, there is no relief we may give him through review of the District Court's order denying him ifp status on appeal. See Church of Scientology v. United States, 506 U.S. 9, 12 (1992); see also Gen. Elec. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) ("'Generally, an appeal will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'").

We otherwise have jurisdiction over this matter under 28 U.S.C. § 1291. Our review of the order dismissing Schneller's complaint is plenary. See McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). We also review the dismissal of state law claims, a refusal to recuse, a denial of leave to amend, and how

5

a district court controls its docket for abuse of discretion.  See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Upon review, we will summarily affirm because no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed Schneller's complaint.  As the District Court explained, 42 U.S.C. § 1983 does not provide a cause of action for "merely private conduct."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (citation and quotation marks omitted); see also Max v. Republican Comm. of Lancaster Cnty., 587 F.3d 198, 200-03 (3d Cir. 2009) (analyzing how and whether a political committee could be considered a state actor).  Although Schneller included allegations that defendants were acting "under color of state law" and the like, many of the allegations were conclusory, and none was sufficiently supported by factual information so as to be plausible on its face.[5]  See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Similarly, Schneller's allegations related to his conspiracy claims under 42 U.S.C. § 1985(1), (2), and (3) were conclusory.  Stating that the defendants "conspired" and "acted in concert" is not equivalent to pleading a conspiracy with sufficient factual matter

---

[5] Similarly, Schneller did not state a Bivens claim.  See Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001) (explaining that, among other things, a Bivens defendant must be a federal actor).

6

to state a plausible claim upon which relief can be granted. See Iqbal, 556 U.S. at 677-78. Other than using terms like "conspired" and quoting sections of the statutory provisions, Schneller did not include allegations that suggested that he has an actionable claim under § 1985. Furthermore, Schneller did not allege, as he must to state a claim under § 1985(3), that there was a race- or class-based invidious discriminatory animus for the defendants' action. See Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006). Because a § 1985 violation is a predicate for relief under § 1986, Schneller's § 1986 claims failed as well. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).

Because no federal claims were actionable, the District Court did not abuse its discretion in declining to entertain Schneller's state law claims. See 28 U.S.C. § 1367(c)(3). We conclude that the District Court did not abuse its discretion in denying leave to amend on the basis of futility, either. Also, we find no abuse of discretion in the District Court's decision to deny as moot Schneller's motion to strike what was essentially a reply brief that the District Court had considered in deciding the motions to dismiss the complaint. The District Court did not err in denying reconsideration of its rulings related to the dismissal of the complaint.

The District Court also did not abuse its discretion in declining to recuse. The arguments that Schneller presented did not warrant recusal. See, e.g., Securacomm Consulting, Inc., 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). Furthermore, we discern no evidence of partiality or bias in the record.

7

For these reasons, and on the basis of the District Court's analysis, to the extent that we have jurisdiction over this appeal, we will affirm the District Court's judgment. As we noted above, we dismiss the appeal as to the Friends of Jim Schneller and dismiss the appeal of the District Court's order denying Schneller permission to proceed ifp. We also grant Schneller's motion to proceed ifp on appeal and deny all of his other pending motions.