**DLD-085**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1679
_____

JAMES D. SCHNELLER;
FRIENDS OF JIM SCHNELLER FOR CONGRESS, C/O James D. Schneller
v.

PHILADELPHIA NEWSPAPERS INC, Its Owners and Employees;
WILLIAM BENDER; DELAWARE COUNTY REPUBLICAN PARTY;
PAT MEEHAN FOR CONGRESS; PATRICIA A. WECHSLER;
ERNESTO S. ANGELOS; DONALD ADAMS; TERI ADAMS;
DELAWARE COUNTY PATRIOTS

James D. Schneller,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-05071)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015

Before: CHAGARES, GREENAWAY, JR., and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: January 19, 2016)

_____

OPINION[*]

_____

PER CURIAM

James Schneller appeals pro se from the District Court's February 10, 2015 order

as well as its orders of September 4, 22, and 26, 2014. For the following reasons, we will

affirm the District Court's February 2015 and September 26, 2014 orders. We will

dismiss this appeal as to the other September 2014 orders.

I.

In 2011, Schneller filed a complaint alleging defamation and civil rights violations

by multiple defendants for statements made during the course of a political campaign by

Congressman Patrick Meehan, who was running against Bryan Lentz, and Schneller, who

was a third-party candidate. The District Court granted the defendants' motion to dismiss

in August 2012. Schneller thereafter filed a motion for reconsideration, which was

denied in June 2013, and filed a notice of appeal in July 2013. This Court affirmed the

District Court's dismissal of the action and denial of the motion for reconsideration on

August, 25 2014. See Schneller v. Phila. Newspapers Inc., 577 F. App'x 139 (3d Cir.

Aug. 25, 2014).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

Schneller continued to submit filings to the District Court, which denied his: (a) motion to amend the complaint on September 4, 2014; (b) motion for clarification and amendment of the order denying the motion to amend the complaint on September 22, 2014; and (c) motion to open, set aside or vacate judgment on September 26, 2014.  On October 27, 2014, Schneller filed in the District Court a motion to appeal in forma pauperis ("IFP") from the District Court's September orders.  The motion to appeal also sought the District Court's reconsideration of the District Court's September 2014 orders. The District Court did not consider Schneller's motion to be a notice of appeal ("NOA"), and denied the motion on February 10, 2015, stating that his appeal on these matters had already been decided and referring to this Court's August 25, 2014 judgment.  The District Court also denied Schneller's request to proceed IFP, stating that he had the means to pay his filing fees.

Schneller now appeals and has filed a motion to proceed IFP with this Court.  That motion is granted.  See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989).

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and summary action is appropriate only if there is no substantial question presented in the appeal.  See 3d Cir. I.O.P. 10.6.

3

Schneller appears to seek our review of the District Court's September 2014 orders, but his NOA is timely only as to the District Court's February 10, 2015 order. See Fed. R. App. P. 4(a)(1)(A); Bowles v. Russell, 551 U.S. 205, 209 (2007) (holding that the limitation period for filing an appeal is "mandatory and jurisdictional"). Thus, we ordinarily would dismiss this appeal as to the District Court's orders of September 4, 22, and 26, 2014.

In this case, however, we will construe Schneller's timely appeal from the February 2015 order as bringing up for review the September 26, 2014 order (but not the others). The February 2015 order denied Schneller's "motion to appeal IFP," which he filed within 30 days of the District Court's September 26, 2014 order, but more than 30 days after the other September 2014 orders. Although Schneller's motion did not reference Rule 4 of the Federal Rules of Appellate Procedure, it stated that he sought to appeal from the District Court's September 2014 orders and otherwise met the requirements of Federal Rule of Appellate Procedure 3. Accordingly, the District Court likely should have construed the motion to appeal as an NOA, which would have been timely as to the District Court's September 26th order.

Ordinarily, we might remand for the District Court to treat the motion for appeal as an NOA, but it is not necessary to do so in this case. The motion to appeal also requested that the District Court reconsider its September 26, 2014 order, which denied Schneller's previous motion for reconsideration, and it timely evidenced an intent to

4

appeal from that order. Thus, under these circumstances, we will construe Schneller's timely appeal from the February 2015 order as bringing up the underlying September 26, 2014 order for review. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). We will not construe Schneller's appeal from the February 2015 order as bringing up for review the other September 2014 orders, however, because Schneller's motion to appeal was not timely as to those orders. For the same reason, there is no basis to remand for the District Court to treat Schneller's motion to appeal as an NOA from those orders. Thus, to the extent that Schneller seeks to appeal from the other September 2014 orders, we will dismiss this appeal as untimely.

Turning to the merits, the District Court's September 26th order denied as moot Schneller's motion to open, set aside, or vacate its order denying his motion to amend his complaint. The District Court stated that, as it had "already explained twice. . . , amendment is futile; this case was dismissed and that dismissal was affirmed on appeal. Under either [Fed. R. Civ. P. 59 or 60, Schneller] offers nothing that would change this outcome (i.e., newly discovered evidence previously unavailable, etc.)."

Our review of the District Court's denial of the motion for reconsideration is for abuse of discretion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier. Exxon Shipping Co. v. Baker,

5

554 U.S. 471, 485 n.5 (2008); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Schneller's request that the District Court reconsider its order denying his motion to amend the complaint does not meet these requirements, and we cannot say that the District Court's September 26, 2014 order denying Schneller's motion was in error.

Further, the District Court did not abuse its discretion in denying Schneller's motion for re-reconsideration of that order.  In its February 10, 2015 order, the District Court reiterated once again that Schneller's "appeal on these matters has already been decided," citing to this Court's order affirming its 2012 dismissal of Schneller's complaint and its 2013 order denying his previous motion for reconsideration.

For the foregoing reasons, the District Court's orders of September 26, 2014, and February 10, 2015, will be summarily affirmed.  This appeal is dismissed as to the District Court other September 2014 orders.  Schneller's motion for leave to appeal IFP is granted.  His other motions are denied, primarily for the reasons explained in Schneller v. Philadelphia Newspapers Inc., 577 F. App'x 139 (3d Cir. Aug. 25, 2014).