In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-2420

BRIAN A. MAUS,

*Plaintiff-Appellant,*

*v.*

DIANE BAKER, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 09 C 42 — **Rudolph T. Randa**, *Judge.*

SUBMITTED AUGUST 2, 2013 — DECIDED SEPTEMBER 5, 2013

Before POSNER, *Circuit Judge.*

A state prison inmate named Brian Maus has appealed pro se from the dismissal after trial of his suit under 42 U.S.C. § 1983 against prison officials for using excessive force against him on multiple occasions. He moves our court to order that he be given the trial transcript for free, to aid him in his appeal. The motion has been referred to me, as motions judge when it was filed, for a ruling. See 7th Cir. Operating Proc. 1(a)(1); Fed. R. App. P. 27(c).

Section 753(f) of the Judicial Code provides that

> fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

The key sentence applicable to this case is the last, and it allows an appellant in Maus's position to obtain a transcript without charge only if he is proceeding in forma pauperis. (The limitation to nonfrivolous appeals was held constitutional in *United States v. MacCollom*, 426 U.S. 317 (1976).) Also 28 U.S.C. § 1915(c)(1) allows the district court, in the case of a litigant who is proceeding in forma pauperis, to "direct payment by the United States of the expenses of printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court." What is required to constitute the appellate record is set forth in Fed. R. App. P. 10, and can include the transcript, as we'll see in a moment.

Maus is not proceeding in forma pauperis, and cannot, regardless of poverty, because he has three strikes and has

not shown that he's in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). He has paid the required fee for filing his appeal, but claims that he doesn't have the money to pay for the transcript, which he estimates would cost him between $2,000 and $3,000 (the court reporter has not provided an estimate of the cost). He fears that without the transcript his appeal will be dismissed, because Fed. R. App. P. 10(b)(2) states that "if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."

I am not the first judge to be troubled by the prospect that a litigant with a potentially meritorious claim would forfeit appellate review simply because he can't pay for a transcript; someone who isn't poor enough to qualify for in forma pauperis status may still be unable to pay thousands of dollars for a trial transcript. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989), responded to this dilemma by holding that in forma pauperis status could be granted for the limited purpose of excusing the plaintiff from having to pay the cost of a transcript required for his appeal, although the court denied such relief in that case. See also *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980) (per curiam); *In re Stump*, 449 F.2d 1297, 1297–98 (1st Cir. 1971) (per curiam). These cases, as noted in *Tucker v. Branker*, 142 F.3d 1294, 1298–99 (D.C. Cir. 1998), date from the more forgiving era in which a district judge was authorized to waive the filing fee in part or whole if the plaintiff was proceeding in forma pauperis. No longer can the judge do that, though he can allow the fee to be paid in installments. 28 U.S.C. § 1915(b). But 28 U.S.C. § 753(f), insofar as concerns the gov-

ernment's paying for transcripts, is unchanged. And so we can assume, though we needn't decide, that cases like *Walker* survive the enactment of section 1915(b). But the cases cannot help Maus. He hasn't been barred from proceeding in forma pauperis by poverty, as in *Walker*, but by the three-strikes rule, a bar unrelated to ability to finance an appeal. Poverty or affluence is irrelevant to a denial of in forma pauperis status based on such a rule, and there is no compelling reason to require the government to defray litigation expenses of a prisoner who has already burdened the judiciary with repeated meritless suits.

The motion is therefore

DENIED.