**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020*
Decided February 19, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2816

| | |
|---|---|
| KENDRICK BUTLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 1:15-cv-1102-JBM |
| | |
| ADAM DEAL, | Joe Billy McDade, |
| *Defendant-Appellee.* | *Judge.* |

**O R D E R**

This appeal raises the question whether the parties to a case reached an enforceable settlement agreement. Kendrick Butler, a prisoner in Illinois's Pontiac Correctional Center, had filed a claim against correctional officer Adam Deal for using excessive force while handcuffing him. After the parties had engaged in some exchanges about possible settlement of the dispute, the district court held an evidentiary hearing and determined that they had done so. It then entered an order

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

enforcing the agreement it understood them to have reached. We conclude, however, that the court acted under a misapprehension of what terms could be on the table, and that it acted prematurely. We therefore vacate its judgment and remand for further proceedings.

In the underlying action, Butler complained that Deal had inflicted unnecessary pain in the course of handcuffing him. Deal was putting handcuffs on Butler in connection with a scheduled cell transfer. But in so doing, Deal allegedly had ignored Butler's protestations of pain caused by the impact of the handcuffs on a cyst on his right wrist and an injured left wrist; Deal had then  twisted and tightened Butler's cuffs until they cut off his circulation. Butler's wrists were numb for two days afterward.

Butler sued Deal under 42 U.S.C. § 1983 for deliberate indifference and excessive force in violation of the Eighth Amendment. The court entered summary judgment in Deal's favor on the deliberate indifference claim, but it allowed Butler to pursue his excessive force claim.

At the final pretrial conference on August 3, 2018, the court urged the parties to settle the claim. During a recess, the judge's courtroom deputy apparently asked, on behalf of the parties, whether the court would be willing to waive Butler's filing fee to encourage Butler to settle. (Butler was proceeding *in forma pauperis* and was thus entitled to pay his $400 filing fee in installments pursuant to 28 U.S.C. § 1915(b)(1).) The court said that it would do so. Neither party, at this juncture, called to the court's attention the part of section 1915(b)(1) that says "[n]otwithstanding subsection (a) [which addresses litigation without prepayment of fees], if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." The court indicated that it would waive the $400 fee in order to facilitate a settlement agreement. At that point, the court stated that the parties had until August 10 to file a notice of settlement with the court.

The parties negotiated through the following week, but on August 10, counsel for Deal informed the court that they had failed to settle the case despite their best efforts. The court decided to look into matters more carefully, however, and so it scheduled a status conference for August 13, 2018, to explore the state of the settlement process. At that conference, the court shifted gears and decided to see whether a binding settlement agreement had already been entered, despite the parties' position to the contrary.

Deal's lawyer, Mia Buntic, testified first. She said that Butler initially demanded a sum between $500 and $600, but after the court offered to waive the $400 filing fee, Butler agreed to drop his minimum to $300. Buntic then explained that she took the

$300 offer to Deal, who accepted on the understanding that the filing fee waiver was part of the package. But when she called Butler to tell him of Deal's acceptance, Butler refused to approve the settlement, saying that he learned that he could likely settle for more money. For his part, Butler denied that his admitted reference to $300 was part of any settlement offer.

The court, applying Illinois law regarding the enforceability of settlement agreements, determined that the case had been settled. It found that Butler had conveyed to Buntic that "in addition to waiver of the filing fee, his bott[om] line minimum was $300 to settle this case," and that Buntic had obtained the approval necessary to settle the case. The court discredited Butler's testimony that he believed he was still negotiating a settlement:

> Butler admitted during his testimony at the [] hearing, that he advised Ms. Buntic that he wanted between $500 and $600 in order to settle the case. Butler further admitted that he agreed to ask the Court to waive the filing fee in order to facilitate the settlement. When one combines the settlement payment of $300 with the balance of the filing fee of $400 owed by Butler in this case, that total amount exceeds the amount that Butler indicated for which he would be willing to settle this case.

The court then *sua sponte* entered an order enforcing this agreement.

On appeal Butler argues that the district court erred in enforcing the settlement agreement because the parties had different understandings of the terms discussed in the settlement negotiation.

We agree with Butler that the essential terms of a settlement agreement must be definite and certain for it to be enforceable. See *Lewis v. School Dist. #70*, 648 F.3d 484, 486 (7th Cir. 2011) (interpreting Illinois law). The problem with the terms here, however, is not the parties' mutual misunderstanding, though it is troubling that neither party thought the case had been settled as of August 10. But the settlement discussions were conducted in part using a currency that was unavailable to the parties—Butler's obligation to pay his filing fee. Nothing would have prevented Deal from promising to cover that, but that would have meant promising to give Butler $700 ($300 plus the $400 filing fee), not just $300. We have no reason to think that Deal would have accepted that arrangement. The statute, however, forbids outright forgiveness of the obligation to pay the filing fee. See *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013) (addressing appellate filing fees under the same statute); see also *Pinson v. Samuels*, 761 F.3d 1, 4 (D.C. Cir. 2014). Courts may allow a plaintiff proceeding *in forma pauperis*

to pay the fee in monthly installments, but they lack statutory authority to waive the fee altogether. See *Maus*, 729 F.3d at 709.

In passing the Prison Litigation Reform Act and eliminating the possibility that a prisoner might be able to litigate for "free," Congress meant to create an incentive against bringing frivolous lawsuits. See 141 CONG. REC. S7524–25 (daily ed. May 25, 1995) (statement of Sen. Dole). Although the financial burden of paying the filing fee in installments may not seem great, it takes a substantial bite out of a prisoner's account, and this is just what Congress had in mind. See *id.* at S7525; *Skinner v. Switzer*, 562 U.S. 521, 535–36 (2011). In sum, the district court did not have the authority to induce Butler to settle by foregoing the collection of the required filing fee.

There is nothing on this record to support the idea that the different parts of the alleged settlement agreement are severable. If the parties agreed to anything, they agreed to a package deal: a payment of $300 from Deal to Butler, and the elimination of Butler's $400 debt to the court. Since the court lacked authority to order the latter, the agreement as a whole falls apart. The filing-fee waiver is unenforceable, and in Illinois, if an "unenforceable term is an essential part of the contract, the contract is not severable and the entire contract is void." *Kepple & Co., Inc. v. Cardiac, Thoracic and Endovascular Therapies, S.C.*, 920 N.E. 2d 1189, 1193 (Ill. App. 2009). We conclude, therefore, that even if the district court was correct to determine that the parties had agreed to the $300 payment and the $400 fee forgiveness, it was not authorized to fulfill its part of that bargain.

The judgment is VACATED and this case is REMANDED to the district court for further proceedings.

HAMILTON, *Circuit Judge*, dissenting. I respectfully dissent. The district court's decision not to pursue collection of the filing fee is not a jurisdictional issue that we are obliged to raise ourselves on appeal. After remand, further efforts on this case by both defense counsel and the district court will impose costs on public resources that will quickly dwarf the uncollected filing fee in the district court. We should affirm the district court's decision enforcing the parties' settlement and putting this case to rest.